IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIA SMITH, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:20cv887-MHT |
| | ) | (WO) |
| THE HEALTHCARE AUTHORITY | ) | |
| FOR BAPTIST HEALTH, an | ) | |
| affiliate of UAB Health | ) | |
| System, | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION AND ORDER

Plaintiff Virginia Smith has sued defendant Healthcare Authority for Baptist Health under three federal statutes: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a and 2000e through 2000e-17; (2) Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12111 through 12117; and (3) the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 through 634.  She claims that Baptist Health discriminated against her by firing her because of her race, in

violation of Title VII; because of her disability, in violation of the ADA; and because of her age, in violation of the ADEA.  The court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and § 1343 (civil rights); 42 U.S.C. § 2000e (Title VII) and § 12117 (ADA); and 29 U.S.C. § 626 (ADEA).

This case is now before the court on Baptist Health's motion to dismiss Smith's Title VII and ADEA claims for failure to state a claim.  (Baptist Health does not move to dismiss Smith's ADA claim.)  For the reasons that follow, the motion will be denied.


I. Standard on Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2

The factual allegations in the complaint must be more than "'merely consistent with' a defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 557). At the same time, "[t]he plausibility standard is not akin to a 'probability requirement.'" *Id.* The court need only be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. Factual Background

According to the factual allegations in the complaint, Smith, who is white, worked at Baptist Health in the telemetry department from 1992 until 2019, when Baptist Health fired her. Baptist Health informed Smith that it was firing her because she had refused to receive a flu vaccine. Smith takes a medication for psoriasis and psoriatic arthritis that can interact badly with the flu vaccine. On that basis, her physician had submitted a request for a

3

medical exemption from the requirement that she receive it, using a form supplied by Baptist Health. Whether Baptist Health formally denied the request, and what reasons it might have given for doing so, are unclear.

During her nearly 28 years at Baptist Health, Smith, whose job did not require her to interact with patients, had never previously been required to receive a flu vaccine. Nor had she ever been reprimanded, written up, or otherwise cautioned about any inappropriate conduct or violation of a policy or procedure.

At the time of her firing, Smith was 74 years old. Baptist Health replaced her with significantly younger, African-American employees.

### III. Discussion

Title VII makes it generally illegal for an employer to discriminate against its employees on the basis of their race, and the ADEA makes it generally

illegal for an employer to discriminate against its employees on the basis of their age. *See* 42 U.S.C. § 2000e-2(a)(1); 29 U.S.C. § 623. At summary judgment and trial--as opposed to the motion-to-dismiss stage--claims under both statutes are often analyzed according to the three-part burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1324-25 (11th Cir. 2011); *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000). The first part of that framework requires the plaintiff to establish a prima-facie case of discrimination, which, once established, raises a presumption of illegal discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). A burden of production is then put on the defendant to rebut the presumption by articulating at least one legitimate, non-discriminatory reason for its challenged action. *See id.* If the defendant fails to carry that burden,

5

the plaintiff wins; if it succeeds, the plaintiff must ultimately prove that the defendant's proffered reason was a pretext for discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000).

Smith appears to assume that a discrimination complaint is plausible on its face if it alleges facts sufficient to establish a prima-facie case under *McDonnell Douglas* and its progeny. In *Swierkiewicz v. Sorema N.A.*, the Supreme Court held that, to defeat a motion to dismiss a discrimination complaint, it is not necessary to allege a prima-facie case. *See* 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas* ... is an evidentiary standard, not a pleading requirement."). But it did not decide whether it is sufficient to do so, and since *Iqbal* and *Twombly*, several federal courts of appeals have held that it is. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010); *Sheppard v. Davis Evans & Assoc.*, 694

6

F.3d 1045, 1050 n.2 (9th Cir. 2012); *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015); *Castleberry v. STI Grp.*, 863 F.3d 259, 266 (3d Cir. 2017); *see also Henderson v. JP Morgan Chase Bank, N.A.*, 436 Fed. Appx. 935, 937-38 (11th Cir. 2011); *Patel v. Georgia Dept. BHDD*, 485 Fed. Appx. 982, 983 (11th Cir. 2012); *McCray v. Auburn Univ. Montgomery*, 2011 WL 6140993 at *4 (M.D. Ala. 2011) (Albritton, J.). *But see Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018); *Austin v. Univ. of Oregon*, 925 F.3d 1133, 1136-37 (9th Cir. 2019).

For two reasons, the court agrees that a discrimination complaint may survive a motion to dismiss if it alleges a prima-facie case. First, the Supreme Court has repeatedly indicated that a prima-facie case raises an inference of discrimination. *See Burdine*, 450 U.S. at 254 ("[T]he prima facie case 'raises an inference of discrimination ... because we presume these acts, if otherwise unexplained, are more

7

likely than not based on the consideration of impermissible factors.'" (quoting *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978)); *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 875 (1984) ("A plaintiff alleging one instance of discrimination establishes a prima facie case justifying an inference of individual racial discrimination by showing that he (1) belongs to a racial minority, (2) applied and was qualified for a vacant position the employer was attempting to fill, (3) was rejected for the position, and (4) after his rejection, the position remained open and the employer continued to seek applicants of the plaintiff's qualifications."); *Patterson v. McLean Credit Union*, 491 U.S. 164, 187 (1989) ("Once the plaintiff establishes a prima facie case, an inference of discrimination arises."); *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) ("[T]he prima facie case requires 'evidence adequate to create an

8

inference that an employment decision was based on an illegal discriminatory criterion.'") (quoting *Teamsters v. United States*, 431 U.S. 324, 358 (1977) (alterations and emphasis omitted)); *Swierkiewicz*, 534 U.S. at 510 ("[T]he prima facie case relates to the employee's burden of presenting evidence that raises an inference of discrimination."). Thus, by pleading a prima-facie case, a plaintiff bringing a discrimination suit may allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Second, given that a plaintiff bringing a discrimination suit can prevail on the merits simply by establishing a prima-facie case (if, that is, the defendant fails to meet its burden of articulating at least one legitimate, non-discriminatory reason for its challenged action), it would not make sense to require her to plead anything more than a prima-facie case in order to proceed to the merits stage. *See Littlejohn*,

9

795 F.3d at 311 ("The plaintiff cannot reasonably be required to allege more facts in the complaint than the plaintiff would need to defeat a motion for summary judgment made prior to the defendant's furnishing of a non-discriminatory justification."); *cf. Swierkiewicz*, 534 U.S. at 511-12 ("It ... seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered.").

That is not to imply that a discrimination complaint will always survive a motion to dismiss if it alleges a prima-facie case. "Courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A plaintiff bringing

10

a discharge-discrimination claim might therefore plead herself out of court if, in addition to pleading a prima-facie case, she alleges facts suggesting an obvious, legitimate reason for her termination. In general, however, it is not for the court to weigh competing, plausible inferences at the motion-to-dismiss stage. *See Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752, 766 & n.11 (1984) (the meaning of documents that are "subject to" divergent "reasonable ... interpret[ations]" either as "referring to an agreement or understanding that distributors and retailers would maintain prices" or instead as referring to unilateral and independent actions, is "properly left to the jury"); *id.* at 767 n.12 ("The choice between two reasonable interpretations of ... testimony properly [i]s left for the jury."); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009) ("[U]nder Rules 8(a)(2) and 12(b)(6), at the pleading stage, the plaintiff is only

11

required to plead a plausible cause of action; we are not authorized or required to determine whether the plaintiff's plausible inference of loss causation is equally or more plausible than other competing inferences[.]" (citing *Twombly*, 550 U.S. at 556)); *Anderson News, L.L.C. v. American Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012) ("The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion."); *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1340 (Fed. Cir. 2012) ("Nothing in *Twombly* or its progeny allows a court to choose among competing inferences as long as there are sufficient facts alleged to render the non-movant's asserted inferences plausible."); *Evergreen Partnering Grp., Inc. v. Practiv Corp.*, 720 F.3d 33, 45 (1st Cir. 2013) ("It is not for the court to decide, at the pleading stage, which inferences are more plausible than other

12

competing inferences, since those questions are properly left to the factfinder."); *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) ("If the alternative explanations are not sufficiently convincing, however, the complaint states a plausible claim for relief, because '[f]erreting out the most likely reason for the defendants' actions is not appropriate at the pleadings stage.'" (quoting *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 458 (6th Cir. 2011))); *see also* Fed. R. Civ. P. 8(d)(3) ("A party may state as many claims or defenses as it has, regardless of consistency."). Thus, where the factual allegations in a discharge-discrimination complaint permit the inference that the plaintiff was discharged for a legitimate reason, in addition to the inference that she was discharged for a discriminatory reason, the complaint should generally be allowed to proceed unless the former inference is so strong as to render the latter

13

not just unlikely, but implausible. *Compare Blomker v. Jewell*, 831 F.3d 1051, 1060-61 (8th Cir. 2017) (affirming dismissal of retaliatory-discharge complaint where an eight-page detailed attachment showed plaintiff was fired because of a years-long disciplinary history that included unwelcome physical contact with a supervisor, inappropriate language in the workplace, and failure to follow email protocol), *with Wilson v. Arkansas Dep't of Human Servs.*, 850 F.3d 368, 374 (8th Cir. 2017) (allowing retaliatory-discharge complaint to proceed despite the fact that complaint recited defendant's proffered reason for plaintiff's termination, namely, that she had performed her job poorly and incurred two warnings for poor performance); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to

14

dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*.").

Here, the court finds that Smith has alleged a prima-facie case of race and age discrimination, and that her complaint should proceed to the summary-judgment stage or trial. A plaintiff may establish a prima-facie case of race or age discrimination by showing (1) that she was a member of the protected class, which includes employees of any race in the context of a Title VII race-discrimination claim, and employees at least 40 years of age in the context of an ADEA age-discrimination claim; (2) that she was qualified for her position; (3) that she was terminated; and (4) that she was replaced by someone outside of the protected class--that is, a non-white individual, in the context of a Title VII race-discrimination claim brought by a white plaintiff,

or an individual significantly younger than the plaintiff, in the context of an ADEA age-discrimination claim. *See Flowers v. Troup Cty., Ga., Sc. Dist.*, 803 F.3d 1327, 1336 (11th Cir. 2015) (listing the elements of a prima-facie case in the context of a Title VII race-discrimination claim); *Chapman*, 229 F.3d at 1024 (listing the elements of a prima-facie case in the context of an ADEA age-discrimination claim); *Smith*, 644 F.3d at 1325 & n.15 (11th Cir. 2011) (holding that the "protected class," in the context of a Title VII race-discrimination claim, includes employees of any race); *Keller v. Hyundai Motor Manufacturing*, 513 F. Supp. 3d 1324, 1339 (M.D. Ala. 2021) (Thompson, J.) (supplemental opinion) (holding that the "protected class," in the context of an ADEA age-discrimination claim, includes all employees at least 40 years of age). The facts alleged in Smith's complaint, if true, would suffice to make each of these showings. She has alleged (1) that she is white, and over the age of 40;

16

(2) that she had ample experience in telemetry and had performed her job satisfactorily for nearly 28 years; (3) that she was terminated; and (4) that she was replaced by non-white individuals who were significantly younger than she.

It is not problematic, as Baptist Health suggests, that Smith does not allege the names, races, and ages of each of her replacements. Smith's allegation that she was replaced by African-Americans significantly younger than she is not a legal conclusion, but a factual allegation that must be taken at the motion-to-dismiss stage as true. *Cf. Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("In an age discrimination suit, the legal conclusion that the plaintiff needs to win is that the employer took the adverse action because of the plaintiff's age. The replacements' exact ages are not ultimate issues or even legally mandated elements."). While Smith must support this allegation with evidence concerning her

17

replacements' identities, races, and ages if it is contested at the summary-judgment or trial stage, she need not do so now.

It is also not necessary for Smith to allege facts suggesting that her replacements were similarly situated to her to allege a prima-facie case. The requirement that the plaintiff identify similarly situated comparators comes into play only when the plaintiff cannot show that she was terminated and replaced by someone outside of her protected class, in which case she can still establish a prima-facie case by showing that a similarly situated employee outside of her protected class received more favorable treatment than she. The plaintiff is not required to make both showings. *See Flowers*, 803 F.3d at 1336 ("[A] plaintiff makes out a prima facie case when he shows ... that he was replaced by someone outside of his protected class *or* received less favorable

18

treatment than a similarly situated person outside of his protected class.") (emphasis added).

Finally, Smith has not pleaded herself out of court by alleging that Baptist Health informed her that it was firing her because she had refused to receive a flu vaccine. This mere recitation of Baptist Health's reason for firing her is not an "obvious alternative explanation" so compelling as to render the inference that Baptist Health fired her because of her race or age implausible. *Cf. Wilson*, 850 F.3d at 374 ("An employee's one-sentence restatement of the employer's basis for termination is not an 'obvious alternative explanation' to a retaliation charge."). Moreover, Smith has alleged facts calling the veracity of Baptist Health's proffered reason into doubt, namely, that she worked satisfactorily at Baptist Health for nearly 28 years without receiving a flu vaccine, and that she submitted a well-supported request for a medical exemption.

19

**\*\*\***

Accordingly, it is ORDERED that defendant Healthcare Authority for Baptist Health's motion to dismiss (Doc. 27) is denied.

DONE, this the 22nd day of March, 2022.

                         <u>/s/ Myron H. Thompson</u>
                         **UNITED STATES DISTRICT JUDGE**